[Civ. No. 7427. First Appellate District, Division Two.—November 25, 1930.]

MINNIE M. MALCOLM, a Minor, etc., Respondent, v. WILLIAM S. TEVIS, Jr., Appellant.

Robert R. Moody for Appellant.

A. J. Stebenne for Respondent.

SPENCE, J.—This action was brought by plaintiff, a girl fifteen years of age, against defendants William S. Tevis, Jr., and Herbert Gordon, to recover damages for personal injuries. Plaintiff obtained judgment in the sum of $500 against both defendants upon a trial by jury. Defendant Tevis alone appeals from the judgment.

There is a conflict in the evidence in certain respects, but the facts hereinafter set forth appear in the testimony most favorable to respondent. Defendant Tevis was in the business of renting saddle-horses and defendant Gordon

was one of his employees. Among the horses owned by Tevis was one called Mickey which was known as a "cold jawed" horse or in other words one that had practically no feeling in his mouth and was therefore hard to manage. He was not a kicking or biting horse, but would run away if he could. It was one of the duties of defendant Gordon to exercise the horses. On the evening in question, defendant Gordon was directed by the manager of the stable to take this horse out and exercise him by giving him a long, slow ride. Defendant Gordon had been given instructions to permit no person other than himself to ride any horse belonging to defendant Tevis while exercising it. Gordon rode the horse to the place maintained by plaintiff's parents where he dismounted and entered to purchase a milk shake. While there Gordon talked with plaintiff and her mother and invited plaintiff to take a ride, assuring them that the horse was a gentle animal. Gordon threw the reins over the horse's neck and was assisting plaintiff in mounting when the horse bolted and ran away. Plaintiff was carried some distance and thrown from the horse, receiving her injuries. The foregoing testimony was adduced from the witnesses called by plaintiff and at the close of plaintiff's case a motion for nonsuit was made on behalf of defendant Tevis which motion was denied.

On this appeal appellant's main contention is that the court erred in denying the motion for nonsuit. We are of the opinion that the motion for nonsuit should have been granted. Plaintiff's complaint was drawn in two counts differing only in that the first count charged negligence in inviting and permitting plaintiff to mount the horse, while the second count charged negligence in managing the horse while assisting plaintiff to mount. In both counts it was alleged that the horse was of a vicious disposition, all of which was well known to defendants. The only trait of alleged viciousness shown was the tendency of the horse to run away when mounted. This is not as contended by respondent a case analogous to those cases involving attacks by vicious animals. There the liability of the owner knowingly keeping such vicious animal is held to be that of an insurer of the safety of any person injured without fault on the part of the latter and negligence on the part of the owner need not be shown. (*Clowdis* v. *Fresno Flume etc.*

*Co.,* 118 Cal. 315, 323 [62 Am. St. Rep. 238, 50 Pac. 373].) In the present case it did not appear that the horse had ever attacked anyone nor did he attack plaintiff. The alleged vicious trait was such as to endanger plaintiff only in the event that she mounted the horse. Under these circumstances the gravamen of plaintiff's causes of action as alleged in both counts was negligence. The fact that the horse had a tendency to run away was material upon this issue of negligence, but would not impose upon the owner the liability of an insurer. It is not contended by appellant that the evidence was insufficient to show negligence on the part of the employee Gordon, but it is urged that appellant cannot be held liable for the negligence of the employee under the doctrine of *respondeat superior* as it affirmatively appeared that the employee was not acting within the scope of his employment. We believe this contention must be sustained. The general rule is stated in 39 Corpus Juris, 1304, section 1502, where it is said: "It is very generally held that a servant has no implied authority to invite or permit a third person to ride on a horse or vehicle in his charge and if, in so doing, the invitee sustains injuries through the negligence of the servant, the master will not be liable, as the servant is not acting within the scope of his authority; and especially is this true where the servant is acting in disobedience of express orders not to invite anyone to ride on the vehicle."

In view of our conclusion that the evidence affirmatively showed that the employee was not acting within the scope of his employment and that the motion for nonsuit should have been granted, we deem it unnecessary to discuss the further contentions of appellant relating to alleged error in refusing certain instructions relating to the scope of employment.

The judgment against defendant William S. Tevis, Jr., is reversed.

Sturtevant, J., and Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 24, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 22, 1931.